IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN PATRICK VERMILLION,<br><br>*Defendant*. | Case No. 1:22-CR-148 |



## DEFERRED PROSECUTION AGREEMENT

Defendant Ryan Patrick Vermillion ("Vermillion") and the United States Attorney's Office for the Eastern District of Virginia (the "USAO"), hereby enter into this deferred prosecution agreement (the "Agreement").

### Criminal Information and Acceptance of Responsibility

1. Vermillion acknowledges and agrees that the USAO will file the attached single-count criminal Information (the "Information") in the United States District Court for the Eastern District of Virginia charging Vermillion with one count of acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of Title 21, United States Code, Section 843(a)(3). In so doing, Vermillion:

   (a) knowingly waives his right to indictment on this charge, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and

   (b) knowingly waives any objection with respect to venue to any charges by the United States arising out of the conduct described in the Statement of Facts attached hereto

as Attachment A (the "Statement of Facts"), which is incorporated by reference into this Agreement, and consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the Eastern District of Virginia.

The USAO agrees to defer prosecution of Vermillion in accordance with the terms and conditions described below and in Attachment B to this Agreement (the "Sealed Addendum").

2. Vermillion admits, accepts, and acknowledges that he is responsible under United States law for the acts charged in the Information, and as set forth in the attached Statement of Facts, and that the allegations described in the Information and the facts described in the attached Statement of Facts are true and accurate. Should the USAO pursue the prosecution that is deferred by this Agreement, Vermillion stipulates to the admissibility of the attached Statement of Facts in any proceeding by the USAO, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the attached Statement of Facts at any such proceeding.

### Term of the Agreement

3. This Agreement is effective for a period beginning on the date on which the Information is filed and ending one year from the date the Information is filed (the "Term"). Vermillion agrees, however, that in the event the USAO determines, in its sole discretion, that Vermillion has knowingly violated any provision of this Agreement, or has failed to completely perform or fulfill each of Vermillion's obligations under this Agreement, an extension or extensions of the Term may be imposed by the USAO, in its sole discretion, for up to a total additional time period of one year, without prejudice to the USAO's right to proceed as provided in Paragraphs 9–12 below. Any extension of the Agreement extends all terms and obligations of this Agreement, including the terms of supervision by the United States Probation Office in Paragraph 5, for an equivalent period. Conversely, in the event the USAO finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the need for

supervision, and that the other provisions of this Agreement have been satisfied, the Agreement may be terminated early.

### Payment of Monetary Penalty

4. Vermillion agrees to pay a total monetary penalty in the amount of $10,000 (the "Total Criminal Fine"), which will be paid to the United States Treasury in full within eight months of the date on which the Information is filed in the United States District Court for the Eastern District of Virginia. Vermillion and the USAO agree that this penalty is appropriate given the facts and circumstances of this case. The Total Criminal Fine is final and shall not be refunded. Furthermore, nothing in this Agreement shall be deemed an agreement by the USAO that the Total Criminal Fine is the maximum penalty that may be imposed in any future prosecution, and the USAO is not precluded from arguing in any future prosecution that the Court should impose a higher fine, although the USAO agrees that under those circumstances, it will recommend to the Court that any amount paid under this Agreement should be offset against any fine the Court imposes as part of a future judgment. Vermillion acknowledges that no tax deduction may be sought in connection with the payment of any part of the Total Criminal Fine. Vermillion shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source with regard to the penalty that Vermillion pays pursuant to this Agreement concerning the facts set forth in the attached Statement of Facts.

### Supervision by the United States Probation Office

5. For the duration of the Term, Vermillion agrees to be under supervision by the United States Probation Office. Such period of supervision shall include the following conditions:

    a. Vermillion shall not commit any federal, state, or local crime.

    b. Vermillion shall not unlawfully possess any controlled substance.

    c. Vermillion shall refrain from any unlawful use of a controlled substance. Vermillion must submit to one drug test within 15 days of commencement of the

Term, and at least two periodic drug tests thereafter, as determined by the Court.

d. If the Court sets a schedule of payments for the Total Criminal Fine, Vermillion must pay in accordance with the schedule of payments.

e. Vermillion must notify the Court of any material change in his economic circumstances that might affect his ability to pay the Total Criminal Fine; however, such circumstances shall not be interpreted to relieve Vermillion of liability for the Total Criminal Fine.

f. Within 72 hours of commencement of the Term, Vermillion must report to the U.S. Probation Office of the Eastern District of Virginia, unless the probation officer instructs him to report to a different probation office or within a different time frame.

g. After Vermillion initially reports to the U.S. Probation Office, Vermillion will receive instructions from the Court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.

h. Vermillion shall not knowingly leave the Western District of North Carolina, where he currently resides, without first getting permission from the Court or the probation officer.

i. Vermillion shall answer truthfully all questions asked by his assigned probation officer.

j. Vermillion shall reside at a place approved by the probation officer. If Vermillion plans to change where he lives or anything about his living arrangements, including the other residents in his home, he must notify the probation officer at least 10 days prior to the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Vermillion shall notify the probation officer within 72 hours of becoming aware of a change or expected

change.

k. Vermillion shall allow the probation officer to visit him at any time at his home or elsewhere. Vermillion shall permit the probation officer to take any items prohibited by the conditions of his supervision that the probation officer observes in plain view.

l. Vermillion shall make reasonable efforts to secure and maintain full-time, legal employment, unless the probation officer excuses him from doing so. If Vermillion plans to change where he works, or anything about his work (such as his position or job responsibilities), he shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Vermillion shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

m. Vermillion shall not communicate or interact with someone he knows to be engaged in criminal activity. If Vermillion knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

n. If Vermillion is arrested or questioned by a law enforcement officer, he shall notify the probation officer and the USAO within 72 hours of such contact.

o. Vermillion shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (*i.e.*, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person).

p. Vermillion shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

q. If the probation officer determines that Vermillion poses a risk to another person or organization, the probation officer may require that you notify the person or organization about the risk, and you must comply with that instruction. The probation officer may contact the person or organization and confirm that Vermillion has notified the person or organization about the risk.

r. Vermillion shall follow the instructions of the probation officer related to any and all conditions of supervision.

## Membership in Professional Organizations

6. For the duration of the Term, Vermillion agrees not to participate in any activities sponsored by any professional associations of athletic trainers, nor shall he list memberships in any such organizations in any online forum or in seeking any employment. Such organizations shall include, but are not limited to, the Professional Football Athletic Trainers Society ("PFATS") and the National Athletic Trainers Association ("NATA"). Further, Vermillion agrees to resign or change his status to inactive for any professional association. Finally, for the duration of the Term, Vermillion agrees not engage in or seek any employment as an athletic trainer with or in relation to any sports team in any capacity.

## Deferred Prosecution

7. In consideration of the undertakings agreed to herein by Vermillion, the USAO agrees that any prosecution of Vermillion for the conduct set forth in the attached Statement of Facts be and hereby is deferred for the Term.

8. The USAO further agrees that if Vermillion fully complies with all of his obligations under this Agreement, the USAO will not continue the criminal prosecution against Vermillion described in Paragraph 1 and, at the conclusion of the Term, this Agreement shall expire. Within two months of the Agreement's expiration, the USAO shall seek dismissal with prejudice of the Information filed against Vermillion described in Paragraph 1, and agree not to

file charges in the future against Vermillion based on the conduct described in this Agreement and the attached Statement of Facts.

## Breach of the Agreement

9. If, during the Term, Vermillion (a) commits any felony under U.S. federal law; (b) provides in connection with this Agreement deliberately false, incomplete, or misleading information; (c) fails to abide by the requirements set forth in the Sealed Addendum (Attachment B); (d) fails to comply with the terms of supervision by the United States Probation Office; or (e) otherwise fails to completely perform or fulfill each of Vermillion's obligations under the Agreement, regardless of whether the USAO becomes aware of such a breach after the Term is complete, Vermillion shall thereafter be subject to prosecution for any federal criminal violation of which the USAO has knowledge, including, but not limited to, the charges in the Information described in Paragraph 1, which may be pursued by the USAO in the United States District Court for the Eastern District of Virginia or any other appropriate venue. Determination of whether Vermillion has breached the Agreement and whether to pursue prosecution of Vermillion shall be in the USAO's sole discretion. Any such prosecution may be premised on information provided to the USAO or other government entity by Vermillion. Any such prosecution relating to the conduct described in the attached Statement of Facts or relating to conduct known to USAO prior to the date on which this Agreement was signed that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Vermillion, notwithstanding the expiration of the statute of limitations, between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, Vermillion agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year. In addition, Vermillion agrees that the statute of limitations as to any violation of federal law that occurs during the Term will be tolled from the date upon which the violation occurs until the earlier of the date upon which the USAO is made aware of the

violation or the duration of the Term plus five years, and that this period shall be excluded from any calculation of time for purposes of the application of the statute of limitations.

10. In the event the USAO determines that Vermillion has breached this Agreement, the USAO agrees to provide Vermillion, through his counsel, with written notice of such breach prior to instituting any prosecution resulting from such breach. Within thirty days of receipt of such notice, Vermillion shall have the opportunity to respond to the USAO in writing to explain the nature and circumstances of such breach, as well as the actions Vermillion has taken to address and remediate the situation, which explanation the USAO shall consider in determining whether to pursue prosecution of Vermillion.

11. In the event that the USAO determines that Vermillion has breached this Agreement: (a) all statements made by or on behalf of Vermillion to the USAO or to the Court, including the attached Statement of Facts, and any testimony given by Vermillion before a grand jury, a court, or any tribunal, or at any civil or administrative proceedings, or legislative hearings, whether prior or subsequent to this Agreement, and any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal, civil, and administrative proceedings brought by the USAO against Vermillion; and (b) Vermillion shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements or testimony made by or on behalf of Vermillion prior or subsequent to this Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible.

12. Vermillion acknowledges that the USAO has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Vermillion breaches this Agreement and this matter proceeds to judgment. Vermillion further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

**Limitations on Binding Effect of Agreement**

13. This Agreement is binding on Vermillion and the USAO, but specifically does not bind any other component of the United States Department of Justice, other federal agencies, or any state, local, or foreign law enforcement or regulatory agencies, or any other authorities, although the USAO will bring the cooperation of Vermillion and his compliance with its other obligations under this Agreement to the attention of such agencies and authorities if requested to do so by Vermillion. If the Court rejects the Agreement, all the provisions of the Agreement shall be deemed null and void, and the Term shall be deemed to have not begun.

## Complete Agreement

14. This Agreement, including its attachments, sets forth all the terms of the agreement between the Vermillion and the USAO. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the USAO, Vermillion, and Vermillion's attorneys.

FOR THE UNITED STATES OF AMERICA:  Raj Parekh
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515

By: _____
Katherine E. Rumbaugh
Michael P. Ben'Ary
Assistant United States Attorneys

FOR RYAN PATRICK VERMILLION:

By: _____
Barry Coburn
Marc Eisenstein
Counsel for Ryan Vermillion